**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-50027**
**Summary Calendar**
**Civil Docket #SA-99-CV-722-EP**

_____


**LONNIE MOSLEY,**

**Plaintiff-Appellant,**

**versus**

**KENNETH VANN, Deputy Sheriff,**
**Individually and in his official capacity;**
**RALPH LOPEZ, Sheriff,**
**Individually and in his official capacity,**

**Defendants-Appellees.**

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-99-CV-733-EP)
_____

January 14, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:

The Court has carefully considered this appeal in light

of the briefs and pertinent portions of the record.  We conclude

there is no merit to Mosley's issues.  First, as the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held, the County cannot be held liable for an official policy of permitting a deputy sheriff to exercise discretion in mistreated animal cases unless it is shown that the lack of an explicit policy evidenced deliberate indifference to clearly established constitutional rights. City of Canton v. Harris, 489 U.S. 378, 389 (1989). Mosley offered no proof of deliberate indifference regarding this rare situation. No other plausible basis for county liability could be or was asserted, and Mosley's claims against Vann "in his official capacity" simply argue for county liability in a different guise.

Second, Mosley demonstrates no personal involvement of Sheriff Lopez at the time the horses were taken that would furnish a basis for Lopez's individual liability for Vann's taking the horses.

Finally, the district court's rejection of Mosley's state law claims on summary judgment except for the conversion claim was justified by the lack of evidence to support them. In any event, Mosley's briefing of state law points in his initial brief, wholly inadequate under our court's rules, effectively waived those issues. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) ("[a]n appellant abandons all issues not raised and argued in his initial brief on appeal.").

For the foregoing reasons, we **AFFIRM** the judgment of the district clerk.

2